UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE, : :
   Plaintiff, :
        v. :
OFFICE OF SCIENCE AND TECHNOLOGY POLICY :
   Defendant. : : : | Civil Action No. 14-765 (GK) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Competitive Enterprise Institute ("Plaintiff" or "CEI") brings this action against the Office of Science and Technology Policy ("Defendant," "OSTP," or "the Government"), a component of the Executive Office of the President of the United States. Plaintiff alleges that the Government violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, (Counts I & II), because it failed to produce emails residing in a private email account belonging to Dr. John P. Holdren, an Assistant to the President and Director of OSTP. The email account was provided to Dr. Holdren by his former employer, the Woods Hole Research Center ("Woods Hole"), a private, non-governmental organization.

On July 11, 2014, the Government moved to dismiss Plaintiff's FOIA claims on two grounds: (1) that OSTP was not withholding any records; and (2) that the emails were not agency records subject

to FOIA. Motion to Dismiss [Dkt. No. 7]. After full briefing, on March 3, 2015, the Court granted the Government's Motion to Dismiss based on the withholding argument, without addressing the agency records argument. March 3, 2015 Order and Mem. Op. [Dkt. Nos. 11-12]. On July 5, 2016, the D.C. Court of Appeals reversed the dismissal of the FOIA claims and remanded the case. See CEI v. OSTP, 827 F.3d 145, 150 (D.C. Cir. 2016).

This matter is presently before the Court on Plaintiff's Motion to Compel Preservation of Private Emails ("Mot. to Compel") [Dkt. No. 24]. Upon consideration of the Motion, Opposition [Dkt. No. 26], and Reply [Dkt. No. 29], the entire record herein, and for the reasons stated below, Plaintiff's Motion is **granted in part and denied in part**.

I.  BACKGROUND

On January 21, 2009, Dr. Holdren began working at OSTP. Holdren Decl. ¶ 1 [Dkt. No. 26.1]. Previously, he had worked at Woods Hole. Id. ¶ 2. Woods Hole provided Dr. Holdren with the Woods Hole email account in approximately June 2005. Id. ¶ 4. Dr. Holdren used the Woods Hole account as a personal email account until approximately January 2014. Id. Dr. Holdren also sometimes used this email account for OSTP work-related correspondence. Id. ¶ 7. When Dr. Holdren received a work-related email on his Woods

Hole account, OSTP policy required him to forward the email to his official email account at OSTP or to copy his official OSTP email account on the correspondence. Id.

In October 2013, Plaintiff submitted a FOIA request to OSTP, requesting all emails relating to OSTP on Dr. Holdren's Woods Hole email account. Compl. ¶ 3. On May 5, 2014, Plaintiff filed this lawsuit, which includes two FOIA claims. Compl. ¶¶ 71-81.

On July 11, 2014, the Government moved to dismiss Plaintiff's FOIA claims and on March 3, 2015, the Court granted the Government's Motion. March 3, 2015 Order and Mem. Op. On July 5, 2016, the D.C. Court of Appeals reversed the dismissal of the FOIA claims and remanded the case. See CEI v. OSTP, 827 F.3d 145, 150 (D.C. Cir. 2016).

On August 29, 2016, the D.C. Court of Appeals issued its Mandate [Dkt. No. 15] and on September 19, 2016, this Court held a Status Conference. At the conference, CEI raised concerns about the preservation of Dr. Holdren's emails in the Woods Hole account. See Sept. 19, 2016 Tr. at 3 [Dkt. No. 18]. Specifically, CEI stated that its concern was that the emails would not be preserved if Dr. Holden, a political appointee, left his position at OSTP at the end of the current administration. Id. at 5-7. The Court directed the Parties to confer about the preservation issue. Id. at 11-12.

At a subsequent Status Conference on October 11, 2016, the Parties informed the Court that they failed to reach an agreement on the preservation issue. See Oct. 11, 2016 Tr. at 3-4 [Dkt. No. 22]. On October 14, 2016, the Court issued a briefing schedule for the preservation issue. Oct. 14, 2016 Minute Order. On October 17, 2016, the Court ordered that Summary Judgment briefing would not occur until after the Court decided the preservation issue.

On October 17, 2016, Plaintiff filed its Motion to Compel Preservation of Private Emails ("Mot.") [Dkt. No. 24]. On October 31, 2016, the Government filed its Opposition ("Opp.") [Dkt. No. 26]. On November 10, 2016, Plaintiff filed its Reply ("Reply") [Dkt. No. 29].

## II. STANDARD OF REVIEW

A Motion to Compel Preservation is subject to the same analytical framework as a motion for injunctive relief. See Mot. at 19; Opp. at 7-8. In determining whether a preservation order is warranted, this Court must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay." Citizens For Responsibility And Ethics In Washington v.

Office of Admin., 593 F. Supp. 2d 156, 159 (D.D.C. 2009) [hereinafter CREW] (quoting Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985)).

"The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor." CSX Transp., Inc. v. Williams, 406 F.3d 667 (D.C. Cir. 2005).

### III. ANALYSIS

#### A. Preservation Issue

At the outset, the Court wishes to be clear that it is not in any way suggesting that it does not trust Dr. Holdren or that he is not to be believed when he states that he will preserve the documents until this Court rules on the merits of Plaintiff's FOIA claims. The Court also respects Dr. Holdren's privacy concerns regarding the contents of his personal emails. However, there are many factors that could affect the availability of the emails in the Woods Hole account, and it is vital that they be maintained pending the outcome of this Court's merits decision. The Court believes that a Preservation Order that requires Dr. Holdren to maintain all of the emails and archives from the Woods Hole account on a thumb drive will address all of the competing interests at play.

### 1. Likelihood of Success on the Merits

In determining whether this factor weighs in favor of a stay, "it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." <u>Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.</u>, 559 F.2d 841, 844 (D.C. Cir. 1977). "Under D.C. Circuit precedent [], 'a court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, [] may grant a stay even though its own approach may be contrary to the movant's view of the merits.'" <u>CREW</u>, 593 F. Supp. 2d at 160 (quoting <u>Holiday Tours</u>, 559 F.2d at 843).

The Government is correct that Plaintiff spends much of its brief arguing the merits of its FOIA claim. But Plaintiff's arguments, coupled with the D.C. Court of Appeals' ruling in Plaintiff's favor, certainly show that this case presents "serious legal questions" for the Court to address in future merits briefing.

### 2. Risk of Irreparable Harm

Plaintiff has shown that it risks irreparable harm unless a clear Preservation Order is entered.

-6-

Plaintiff notes that Dr. Holdren is a political appointee who may leave office when the current administration leaves in January 2017. Mot. At 18. Plaintiff is correct to point out that the D.C. Court of Appeals left uncertain the issue of whether Dr. Holdren's emails from the Woods Hole account would be subject to OSTP's control and therefore producible if Dr. Holdren were no longer employed by OSTP. Mot. At 19. Therefore, absent a Preservation Order it is unclear whether Dr. Holdren would be required to maintain and produce the Woods Hole emails if he left his position at OSTP.

Although the Court has no reason to doubt the sincerity of Dr. Holdren's declaration that he will not delete any of his emails, Plaintiff is correct that a declaration does not have the force of an order. "Unlike a court order, a declaration is not punishable by contempt." CREW, 593 F. Supp. 2d at 162 (internal citations omitted). If the Woods Hole emails were destroyed for some reason, Plaintif would have no recourse whatsoever. Id. At 163. As in CREW, this Court presumes that Dr. Holdren will act in good faith but believes that a Preservation Order will provide prudent assurances against the risk that the emails could be destroyed, whether unintentionally or not. See id. at 162 ("the Court presumes that executive officials will act in good faith. .

-7-

. the Court nevertheless agrees with CREW that, absent a court order punishable by contempt requiring the maintenance and preservation of the records here at issue. . . it would have no recourse if the documents were not so maintained and preserved").

The Government argues that because the agency had a policy requiring Dr. Holdren to forward all of his emails from his Woods Hole account to his business email, the Woods Hole account only contains duplicate agency records at best. Opp. At 12-13; Holdren Decl. ¶ 7. Therefore, the Government claims that any hypothetical deletion of the Woods Hole emails would still leave a copy of those records intact in Dr. Holdren's work email. Id. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work related email in the Woods Hole account was duplicated in Dr. Holdren's work email account. In short, it is better to be safe than sorry.

### 3. Prospect that Others Will Be Harmed by a Preservation Order

The Court is sensitive to the privacy concerns that would arise if it granted Plaintiff's Motion in full and ordered the Government to begin searching Dr. Holdren's emails before ruling on the merits. However, the Court believes that a Preservation Order in line with the Government's suggestion on pages 21-22 of its Opposition would not constitute an invasion of Dr. Holdren's

-8-

privacy. See Opp. At 21-22 n. 4. In line with the Government's suggestion, emails will remain in Dr. Holdren's possession and will not be searched until the Court makes a determination on the merits, thus preserving Dr. Holdren's privacy until such a time at which this Court may find that the emails are agency records.

### 4. Public Interest

The Public Interest weighs heavily in favor of issuing a Preservation Order. "FOIA's central purpose [is] exposing to public scrutiny official information that sheds light on an agency's performance of its statutory duties." U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749, 750 (1989). "As such, the public interest certainly favors ensuring that records are preserved" while the Court considers whether their disclosure is appropriate under FOIA. CREW, 593 F. Supp. at 165.

The Government argues that its interest in ensuring its employees' personal privacy weighs against granting the Motion under the public interest prong of the preliminary injunction test. See Opp. at 20 (citing Nken v. Holder, 556 U.S. 418, 435 (2009) for the proposition that "harm to the opposing party and weighing the public interest. . . merge when the Government is the opposing party.").

The Government claims that its recruitment and retention efforts would be hurt if employees' personal email accounts could be searched as part of "collateral preservation litigation under FOIA." Opp. at 20. However, because the Court is only ordering Dr. Holdren to preserve his emails and is not mandating any searches at this times, the Government's concerns for the privacy of its employees are insufficient to overcome the public interest in the preservation of information that may be subject to disclosure at a later date.

In sum, all four factors weigh in favor of granting Plaintiff's Motion to Compel and issuing a Preservation Order.

**B. Dr. Holdren Need Not Be Joined as a Party**

At the October 11, 2016 Status Conference, this Court directed the Government to address whether Dr. Holdren needs to be made a party to this case. See Oct. 11, 2016 Tr. at 7-9. The Court agrees with the Government that joining Dr. Holdren at this stage of the proceedings would be premature. The Court is satisfied that this Order is sufficient to preserve the emails in the Woods Hole account.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is **granted in part and denied in part**, and it is hereby

**ORDERED**, that Dr. Holdren preserve all of the emails in his Wood Hole email account, including any archived emails and any deleted email archives, on a thumb drive to be kept in his possession until such a time that this Court determines that they must be turned over to OSTP for processing or that they may be deleted; and it is hereby

**ORDERED**, that Dr. Holdren need not submit any declaration about previous deletion of emails in the Woods Hole account at this time because the thumb drive is to include all deleted email archives; and it is hereby

**ORDERED**, that the Government is not to conduct any searches of the Woods Hole emails at this time; and it is hereby

**ORDERED**, that Dr. Holdren need not be joined as a party to this matter at this time.

December 12, 2016

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF